**FILED**
OCT 28 2020
Clerk, U.S. District and Bankruptcy Courts

**FILED**

OCT 28 2020

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MELVIN RICHARD ROBINSON, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-02965 (UNA) |
| | ) |
| A. PILGRAM, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is currently before the court on consideration of the plaintiff's application for leave to proceed *in forma pauperis* ("IFP") and *pro se* complaint. After review, the court will grant the plaintiff's application for leave to proceed IFP and grant him leave to amend the complaint.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a resident of Fletcher, North Carolina, has sued two United States Secret Service Agents in their official capacities. Compl., Dkt. 1, at 2. He alleges that, on June 5, 2020,

1

defendants arrested him on Constitution Avenue, causing him injuries. *Id.* at 4–5. He alleges that defendants violated his Second, Fourth, Fifth, and Tenth Amendment rights and seeks compensatory damages. *Id.* at 3, 5. He seeks various types of injunctive relief, including changes to weapon restrictions and travel bans, the return of his personal effects, and the dismissal of unknown pending criminal charges. *See id.* at 5.

The complaint is deficient in several respects. First, the plaintiff alleges that he was mistreated during the course of an arrest, but he fails to allege the specific actions taken by the defendants that violated his constitutional rights.

Second, the doctrine of sovereign immunity proscribes lawsuits for money damages against the United States, its agencies, and its employees sued in their official capacity, absent a specific waiver by the federal government. *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Here, the plaintiff has not pleaded or established that the government has expressly consented to damages suits for constitutional violations against these officials, and he has not raised any individual capacity claims against them.

Third, the plaintiff's claims for injunctive relief also lack sufficient detail. It is unclear how his claims are connected to the facts alleged. It is also unclear whether this court has jurisdiction over the plaintiff's claims and can provide the injunctive relief he seeks. To the extent that the plaintiff seeks the dismissal of criminal charges, this court may be an inappropriate forum for such review. The decision of whether or not to prosecute, and for what offense, generally rests with the prosecution. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the judiciary "will

not lie to control the exercise" of the Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966).

Last, the Local Rules of this Court state:

> The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party. Where a person is sued in an official capacity, the person's official address shall be used. If the party is appearing *pro se*, the caption shall also include the party's telephone number. Those filing *pro se in forma pauperis* must provide in the caption the name and full residence address or official address of each party. Failure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant.

LCvR 5.1(c). Here, the plaintiff has failed to provide all of the required identifying information.

Accordingly, it is hereby

**ORDERED** that the plaintiff's application for leave to proceed IFP, Dkt. 2, is **GRANTED**, and it is further

**ORDERED** that within 30 days of entry of this order, the plaintiff shall file an amended complaint, drafted in accordance with Rules 8, 9, and 10 of the Federal Rules of Civil Procedure and Rule 5.1 of the Local Civil Rules, succinctly identifying the claims he intends to bring, against whom, and in what capacity, and providing the identifying information for himself and all named defendants. The plaintiff shall also correct the other deficiencies identified in this order. Failure to comply with order will result in dismissal of this action without prejudice.

*/s/ Dabney L. Friedrich*

DABNEY L. FRIEDRICH
United States District Judge

DATE: October 28, 2020